IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HUTTO INDEPENDENT SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>RONNIE MOORE, and<br>CHRISTOPHER SCHULZ, and<br>CIRKIEL & ASSOCIATES, P.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.:_____<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST ORIGINAL COMPLAINT**

### I. INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i)(3) to obtain an award of attorneys' fees related to legal services performed on behalf of Hutto Independent School District in regards to defending the District against claims presented in Defendant Ronnie Moore's Notice of Complaint and Request for Due Process Hearing ("Due Process Complaint") filed with the Texas Education Agency, and representing the District at the related administrative hearing before a Special Education Hearing Officer for the State of Texas. This action also seeks attorneys' fees for time spent attempting to collect those fees related to the underlying Due Process Complaint, including but not limited to the time spent in litigating the instant Complaint.

### II. JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415 and 28 U.S.C. § 1331 and 1343. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

1

### III.   PARTIES

3. Hutto Independent School District ("HISD") is a duly incorporated Independent School District located in Williamson County, Texas.

4. Ronnie Moore is the father of J.M., the minor student on whose behalf the underlying Due Process Complaint was filed, and a named Petitioner in the underlying Due Process Complaint. Upon information and belief, Ronnie Moore is a resident of Travis County, Texas, residing at 2601 Scofield Ridge Parkway #1614, Austin, Texas 78727.

5. Christopher Schulz was the attorney of record for Petitioner in the underlying Due Process Complaint. Mr. Schulz is employed by Cirkiel & Associates, P.C., 1901 E. Palm Valley Boulevard, Round Rock, Texas 78644.

6. Cirkiel & Associates, P.C., acted as counsel for Petitioner in the underlying Due Process Complaint.

### IV.   STATEMENT OF FACTS

7. On August 2, 2012, Petitioner J.M., by and through his father and next friend Ronnie Moore, filed a Due Process Complaint with the Texas Education Agency ("TEA"). Petitioner in the underlying Due Process Complaint was represented by Cirkiel & Associates. Counsel of record for Petitioner in the underlying Due Process Complaint was Chris Schulz.

8. The underlying Due Process Complaint alleged numerous substantive and procedural violations of the Individuals with Disabilities Education Act ("IDEA"), occurring both prior and subsequent to removal of the student, J.M., from HISD.

9. HISD filed a Response to the Due Process Complaint, specifically denying the alleged substantive and procedural violations of the IDEA. HISD also asserted an affirmative

defense maintaining that Petitioner's claims in the underlying Due Process Complaint were barred by the applicable statute of limitations. In its Response, HISD cited to the authority establishing that Petitioner had filed its IDEA claims outside of the one-year statute of limitations for such claims imposed by the state of Texas.

10. HISD conducted a resolution session in an attempt to resolve the allegations contained in the Due Process Complaint. Petitioner Moore was not willing to accept offers of compromise made by HISD during the resolution session. As an informal resolution could not be reached, the parties proceeded to hearing before a Special Education Hearing Officer.

11. The Due Process Hearing was held on September 21, 2012. Following the Due Process Hearing, the parties submitted written closing arguments addressing the issues presented at hearing.

12. On October 23, 2012, the Special Education Hearing Officer issued her decision concerning the Due Process Complaint filed by Mr. Moore.

13. HISD was the prevailing party in that matter.

14. Specifically, the Hearing Officer ruled that:

   a. Mr. Moore had filed his claim outside of the applicable statute of limitations, thus precluding him from bringing any action against the District that occurred on or before August 2, 2011.

   b. As Mr. Moore had withdrawn J.M. and placed him in a private school, Hutto ISD no longer had any obligation to provide J.M. a free, appropriate public education ("FAPE").

   c. The District continued to offer J.M. triennial evaluations pursuant to the IDEA's child find provisions, and any procedural errors by the District in

     this regard were harmless as "parent's testimony and actions clearly establish that the parent was not seeking any services or evaluations from the District after he withdrew the student from HISD."

  d. Petitioner "wholly failed to meet his burden on all issues."

15. The Hearing Officer's ruling declaring HISD to be in compliance with the IDEA satisfies the requirements for prevailing party status. The Hearing Officer's ruling in favor of HISD altered the legal relationship between the parties in Hutto ISD's favor, and effectively prevented Mr. Moore from bringing additional complaints based on the same facts.

16. The Hearing Officer's ruling fostered the purposes of the IDEA by settling a dispute over the appropriateness of the District's actions taken with regard to educating a child with a disability.

**V. CAUSE OF ACTION FOR ATTORNEYS' FEES
PURSUANT TO 20 U.S.C § 1415 (i)(3)**

17. Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

18. Defendants Schulz and Cirkiel & Associates filed and maintained the Due Process Complaint against HISD alleging claims that were clearly barred by the applicable statute of limitations, and therefore frivolous, unreasonable and without foundation. Moreover, the complaint filed and maintained by Defendants Schulz and Cirkiel & Associates asserted claims that HISD had failed to provide Petitioner in the underlying action with a Free Appropriate Public Education ("FAPE") during Petitioner J.M.'s enrollment in HISD and following J.M.'s voluntary unilateral withdrawal from the District. These claims were without merit and frivolous. Especially troubling were the Defendants' arguments during the course of the underlying Due Process Complaint that HISD had failed or refused to provide services to J.M. after J.M.'s withdrawal from HISD, when the evidence available to Schulz and Cirkiel &

Associates clearly demonstrated that Defendant Ronnie Moore had, on more than one occasion refused HISD's offers to support J.M.'s educational development after withdrawing J.M. from Hutto ISD.

19. Defendants Schulz and Cirkiel & Associates, as attorneys for Petitioner Ronnie Moore in the underlying action, filed a complaint or subsequent cause of action under the IDEA, 20 U.S.C. § 1415, that was frivolous, unreasonable, or without foundation, and/or continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation. Moreover, Petitioner Moore's complaint or subsequent cause of action in the underlying matter was presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase HISD's litigation costs. Accordingly, Defendants Schulz and Cirkiel & Associates are jointly and severably liable to HISD for reasonable attorneys' fees incurred by HISD in relation to defending the Due Process Complaint filed by Petitioner Moore.

20. Defendant Moore, as the parent and Petitioner in the underlying Due Process Complaint, filed a complaint that was clearly improper. As an example, Defendant Moore asserted claims that were clearly barred by the applicable statute of limitations. Further, Moore alleged conduct on the part of HISD that he knew to be untrue, such as stating that HISD refused to provide services to his son J.M. after Moore voluntarily withdrew J.M. from HISD, when Moore himself consistently refused HISD's repeated offers to provide support and services to his son J.M. Defendant Moore's improper purpose is shown by continued refusals to attempt good faith resolution of his disputes with HISD for the betterment of his son's education, instead simply asking HISD how much money the District was going to give him.

21. Defendant Moore, as the parent and Petitioner in the underlying Due Process Complaint, filed his complaint or subsequent cause of action in the underlying matter for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase HISD's litigation costs. Specifically, Defendant Moore continued to litigate against the District even after the statute of limitations and other available information made it clear that to continue litigation would be fruitless and only result in harassment against the District. Accordingly, Defendant Moore is jointly and severally liable to HISD for reasonable attorneys' fees incurred by HISD in relation to defending the Due Process Complaint filed by Petitioner.

22. Prior to filing this action, counsel for HISD contacted Defendant Schulz for purposes of resolving the dispute concerning attorneys' fees. Mr. Schulz made it clear that neither Cirkiel & Associates, nor Mr. Moore, were open to a discussion regarding reimbursement for attorneys' fees.

23. A reasonable hourly rate is determined based on the prevailing market rates in the community for attorneys of comparable skill, experience and reputation.

24. The relevant legal community for purposes of determining hourly rates in this case are Williamson and Travis Counties, Texas.

25. The hourly rates requested for Plaintiff's attorneys are as follows: Heather Rutland $230.00 - $235.00 per hour; Kristen Foster $195.00 per hour; and Abraham Barker $190.00 - $195.00 per hour.

26. The number of hours spent by Plaintiff's attorneys are reasonable in light of the complexities of the case.

27. In order to prepare a proper defense for HISD, HISD's attorneys were required to review and analyze voluminous District documents (including those requested by Petitioner in an underlying matter), analyze the claims presented by Petitioner, attend prehearing conferences with the Hearing Officer, interview and prepare witnesses, prepare for and conduct a Due

Process Hearing, and draft a comprehensive written closing argument supporting HISD's affirmative and factual defenses.

28. Plaintiff's attorneys have exercised "billing judgment" by excluding from fees any hours that were excessive, redundant or otherwise unnecessary.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff HISD requests that this Court:

A. Award HISD reasonable attorneys' fees and costs in the amount of $49,328.68;

B. Award HISD additional attorneys' fees that have been or will be incurred in connection with HISD's efforts to collect the award of attorneys' fees, including fees expended in this action; and

C. Grant such other and further relief as may be just and proper.

Respectfully submitted this 22nd day of January, 2013.

HENSLEE SCHWARTZ LLP

By: _____
Heather R. Rutland
State Bar No. 24029819
Abraham F. Barker
State Bar No. 24073241
816 Congress Avenue, Suite 800
Austin, Texas 78701-2443
Telephone: (512) 708-1804
Facsimile: (512) 708-9037

Counsel for Plaintiff
Hutto Independent School District